12605

VINCENT *ET AL.* v. MacMILLAN *ET AL.*
MILLER *ET AL.* v. SAME

(146 S. E., 869)

228

*Messrs. G. W. Behlmer* and *Paul M. MacMillan,* for appellant,

*Messrs. Hagood, Rivers & Young,* and *J. N. Nathans,* for respondents,

February 27, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

These two causes, tried as one suit, both below and in this Court, come here from the Court of Common Pleas of Charleston County. The defendant appellant, Paul M. Mac-Millan, Esq., was the guardian of the estate of Catherine Moodie Jervey. The ward died and Louis S. Jervey was appointed administrator of her estate. Questions as to the ownership of the estate held by Mr. MacMillan as guardian arose, and these two suits by claimants of the estate were instituted, both the guardian and administrator being made parties. The administrator sought to have the estate transferred to him from the guardian.

The matter came on for hearing before Hon. M. L. Bonham, presiding Judge, on April 26, 1926. He refused to order the estate placed in the hands of the administrator, but appointed Mr. MacMillan as trustee thereof during the pendency of the litigation, and Mr. MacMillan was required to account to the Court of Probate of Charleston County as guardian and to transfer the estate to himself as trustee. It appears that an accounting was had in the Probate Court, as required by Judge Bonham's order, and such funds and securities as the guardian reported to be in his possession were transferred by him to himself as trustee.

The parties interested as claimants to the estate agreed upon a settlement of their differences, and at their instance, on November 28, 1927, Hon. J. K. Henry, as presiding Judge of the Court of Common Pleas, passed a decree in the causes. In that decree the estate was ordered to be distributed to certain of the contending parties. Mr. MacMillan was directed to account before F. K. Myers, Esq., Master, for his doings and actings as guardian and as trustee under the order passed by Judge Bonham, and upon such accounting to pay over to certain parties named in the decree, according to their respective interest, all the funds in his hands as should be found by the Master that such parties

were entitled to receive, and Mr. MacMillan was required to assign and transfer such securities in his hands which should be ordered by the Master to be transferred. The appeal here is by Mr. MacMillan from the decree of Judge Henry.

The first exception alleges that there was error in ordering Mr. MacMillan to account to the Master for his acts as guardian of the estate, since he had already accounted to the Probate Court as required by the order of Judge Bonham. It appears that the attorneys who procured the decree from Judge Henry overlooked the provision in Judge Bonham's order that Mr. MacMillan was to account as guardian to the Probate Court. The error was due to the attorneys and not to any ruling of the presiding Judge. Very properly, the attorneys for the respondents have agreed by written stipulation that the part of Judge Henry's order referred to should be reversed, and that his decree shall be modified to that extent.

The second exception complains of error because Mr. MacMillan was required to make an accounting as trustee before the Master, the error alleged being that an accounting was not necessary or proper for the information of the Court before judgment, or for any other purpose. It appears that Mr. MacMillan was trustee from about April 26, 1926, until the date of Judge Henry's decree, November 28, 1927, about 19 months, and no report as trustee had been filed with the Court. The trustee appointed by the Court was subject to the orders of the Court. It was his duty to account to the presiding Judge, or to the Master on the direction of the presiding Judge, when required so to do. The Court had the right to inquire into the acts and doings of the trustee appointed by it at any time it was deemed proper. The exception made is, therefore, without merit.

The third exception sets up that the decree was erroneous in providing that the Master should order the securities held by the trustee assigned and trans-

ferred by him, for the reason that a Master in Equity has no power or authority to issue orders of this kind, and the Court erred in attempting to delegate this power to the Master. This exception, as we conceive it, mainly asks for a construction of the decree of Judge Henry in this regard. In the argument, the appellant seems to complain because he is fearful that under the decree he is not allowed to take exception to such holdings and orders as the Master may make, requiring the transfer of the securities in the appellant's possession. We see no reason for the fears which the appellant seems to have. It is true the decree did not provide that the Master should make a report to the Court on the matters referred to him. We do not think it was necessary for the decree to contain such a requirement. In Section 2229, Vol. 3, of the Code of 1922, which relates to the general duties of the Master in Equity, the last sentence is this: "He shall execute and perform all orders of the Court upon references to him conformably to the practice of the Court." In Section 2233, *Id.,* relating to the general powers of Masters and their right to make orders, the last sentence is this: "But all such orders shall be subject to the revision of the presiding Judge at the next succeeding sitting of the Court, or of the resident Circuit Judge at chambers."

We think it clear, that, after the trustee accounts to the Master, it is the duty of the Master to make up his account and submit his report as to how the funds and securities in the hands of the trustees shall be disposed of. If any party to the action, or the trustee, feels aggrieved at any holding or finding of the Master, the right is given, to such party, or the trustee, to except from the Master's report to the presiding Judge at the next term of the Court, or to the resident Circuit Judge at chambers, as provided in Section 2233, *supra.* The exception made cannot be sustained.

The judgment of this Court is that the decree of Judge Henry appealed from be modified as hereinbefore indicated, and that the causes be remanded to the Court of Common

Pleas of Charleston County, that the decree, as modified, may be carried out.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.